IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.  **03-cv-569-JLK**

**In re: UNIVERSAL COMMUNICATIONS NETWORK, INC.**

      Debtor.

---

**JEFFREY L. HILL, Chapter 7 Trustee**

      Plaintiff,

v.

**MICHAEL PAYNE and LAURA PAYNE-WRIGHT,**

      Defendants.

---

## ORDER

---

Kane, J.

This matter is before me on Plaintiff Jeffrey L. Hill's Motions to Alter or Amend Judgment Concerning Prejudgment Interest (Doc. # 54) and for Attorney Fees (Doc. #57). I grant the Motion regarding prejudgment interest, and deny the request for fees.

With respect to the request for prejudgment interest, I reject Defendant Payne's assertion that the the issue has been previously litigated because I denied Plaintiff's original request for it based solely on Plaintiff's procedural failure to cite to the appropriate legal standard. The appropriate standard in this circuit is articulated in *Turner v. Davis, Gillenwater & Lynch (In re Inv. Bankers, Inc.)*, 4 F.3d 1556, 1566 (10th Cir. 1993), *cert. denied*, 510 U.S. 1114 (1994). Exercising my discretion under *Turner* to award prejudgment

interest where such an award (1) would compensate the injured party and (2) is not precluded by principles of equity, I GRANT the request. Prejudgment interest in this case will not, however, be deemed to have begun accruing until after suit was filed, and will be at the applicable *federal*, not state, interest rate under 28 U.S.C. § 1961. *See Turner* at 1566.

Plaintiff's request under Fed. R. Civ. P. Rule 54(d)(2) for an order shifting his attorney fees to Defendants under Delaware law is rejected. There was no showing of egregiousness or bad faith as required under Delaware law (or applicable federal law, for that matter, under 28 U.S.C. § 1927). The jury's determination that Defendant Payne acted fraudulently for purposes liability under § 548 of the Bankruptcy Code is not tantamount to a finding of egregiousness or bad faith for purposes of deviating from the American Rule regarding fees.

Plaintiff shall submit a form Amended Judgment setting forth the precise amount of prejudgment interest that shall be deemed to have accrued from the date this action was filed until the date of the original judgment, at the applicable federal interest rate.

Dated this 19th day of September, 2005.

                                          BY THE COURT:

                                          **S/John L. Kane**
                                          JOHN L. KANE, SENIOR JUDGE
                                          UNITED STATES DISTRICT COURT